1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLINDA K. JOHNSON,

               Plaintiff,

     v.

CITY OF SEATTLE, et al.,

               Defendants.

CASE NO. C05-261JLR

ORDER

## I.   INTRODUCTION

This matter comes before the court on Defendants' Motion for Judgment on the Pleadings Dismissing All Claims (Dkt. # 11) and Plaintiff's Motion to Enlarge Time Pursuant to FRCP 6(b) (Dkt. # 15).  Having considered all of the papers filed in connection with the motions and having heard oral argument, the court GRANTS Defendants' motion to dismiss and DENIES Plaintiff's motion for enlargement of time.

## II.   BACKGROUND

On November 4, 2004, Plaintiff Marlinda K. Johnson filed a complaint with King County Superior Court[1] alleging that she suffered physical and emotional injuries during

_____

[1]Defendants removed Plaintiff's case to this court after Plaintiff amended her complaint to state a claim under 42 U.S.C. § 1983.

ORDER – 1

an altercation with the Seattle Police Department exactly three years prior (on November 4, 2001).  Specifically, Plaintiff alleged that the arresting officers violently pulled her out of her car and later slammed her head into a cement wall, injuring her head and ankle and causing her emotional distress.  Although Plaintiff filed suit in November 2004, her counsel waited until February 3, 2005 to serve Defendant City of Seattle due to his trial and teaching schedule.  By filing the present motion, Defendants seek dismissal of Plaintiff's claims, arguing primarily that Plaintiff's case is time-barred under Washington's statute of limitations.  Plaintiff opposes dismissal and asks the court to extend the deadline allowing service on the Defendants outside the 90-day period tolling the statute of limitations.

## III.    DISCUSSION

**A.    Legal Standard**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party.  Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 403 F.3d 1050, 1055 (9th Cir. 2005).  The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff.  Wyler Summity P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).  Dismissal for failure to state a claim is appropriate when it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim.  Manshardt v. Fed. Judicial Qualifications Comm., 401 F.3d 1014, 1016 (9th Cir. 2005).  The court will dismiss a complaint for failure to comply with the statute of limitations only if the plaintiff cannot demonstrate that the statute was tolled under a liberal reading of the complaint.  Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993).

ORDER – 2

**B.      Defendants' Motion for Judgment on the Pleadings Dismissing All Claims**

Defendants seek dismissal of Plaintiff's case on multiple grounds: (1) Plaintiff's claims against Defendants are time-barred, (2) Plaintiff has failed to allege that a particular policy or custom of Defendant City of Seattle violated her constitutional rights, (3) Plaintiff failed to personally serve the individual Defendants and thereby deprived this court of jurisdiction, and (4) Defendant Seattle Police Department is exempt from suit under Washington law.  Given the court's resolution of Defendants' statute of limitations argument, the court refrains from considering Defendants' other grounds for dismissal.

Although the parties dispute whether Washington's two- or three-year statute of limitations governs this case, the threshold issue for the court is whether Plaintiff tolled the statute of limitations and not what particular time period applied.[2]  Even assuming the three-year statute of limitations period governs this case, the court finds that Plaintiff's failure to serve the Defendants within 90 days of filing the complaint failed to toll the three-year statute of limitations.  In Washington, RCW 4.16.170 governs when the statute of limitations is tolled, providing in relevant part:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons served whichever occurs first.  If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication *within ninety days* from the date of filing the complaint. . . . If following service, the complaint is not so filed, or following

---

[2]Plaintiff's complaint alleges negligence and civil rights violations which are governed by a three-year statute of limitations under RCW 4.16.080.  Defendants argue that Plaintiff's claims are actually disguised intentional torts claims and therefore subject to Washington's two-year statute of limitations under RCW 4.16.100.  Regardless, the court need not resolve this dispute given Plaintiff's failure to either (1) serve the Defendants within the two-year statute of limitations period (expiring November 4, 2003) or (2) toll the three-year statute of limitations period by serving Defendants within 90 days of filing suit under RCW 4.16.170.

ORDER – 3

1
2

> filing, service is not so made, the action shall be deemed to not
> have been commenced for purposes of tolling the statute of
> limitations.

3
4

Id. (emphasis added).  Therefore, filing a complaint alone is insufficient to commence an

5

action for the purpose of tolling the statute of limitations.  "If the additional step (service

6

after filing or filing after service) is not accomplished within 90 days, the action is treated

7

as if it had not been commenced."  Wothers v. Farmers Ins. Co., 5 P.3d 719, 721 (Wash.

8

Ct. App. 2000).  The statute of limitations is only tolled if both acts are completed within

9

90 days.  Margetan v. Superior Chair Craft Co., 963 P.2d 907, 909 (Wash. Ct. App.

10

1998).  If the two requirements fail to occur within the specified time frame, the suit is

11

considered a nullity.  Adkinson v. Digby, 660 P.2d 756, 757 (Wash. 1983).

12

Here, Plaintiff filed her initial complaint on November 4, 2004 and her counsel

13

admits to waiting 91 days to serve the complaint on one of the Defendants (counsel only

14

served Defendant City of Seattle).  Franklin Decl. at 1.  By not serving Defendants within

15

90 days as required by RCW 4.16.170, Plaintiff failed to toll the applicable statute of

16

limitations and the three-year limitation period expired as if the action never commenced.

17

Wothers, 5 P.3d at 721; see also Margetan, 963 P.2d at 909 (explaining that 90-day

18

provision of RCW 4.16.170 tolls, rather than extends, the statute of limitations).[3]

19

Consequently, the court DISMISSES Plaintiff's complaint as time-barred by the statute of

20

limitations.

21

22

**C.     Plaintiff's Motion to Enlarge Time Pursuant to Fed. R. Civ. P. 6(b)**

23
24

---

25

[3]Plaintiff's additional argument that her incarceration tolled the statute of limitations
for two days under RCW 4.16.190 misses the point.  Even assuming Plaintiff's incarceration

26

tolled the statute of limitations until November 6, 2004 (instead of November 4, 2004), the
court would still consider Plaintiff's case a nullity because her counsel failed to effect service

27

within 90 days of filing the complaint.  See Wothers, 5 P.3d at 721 (holding failure to file and

28

serve the complaint within 90 days renders the commencement of an action a nullity).

ORDER – 4

To cure the statute of limitations problem, Plaintiff asks the court, pursuant to Fed. R. Civ. P. 6(b), to allow service on the Defendants after the 90-day deadline.[4]  Under Fed. R. Civ. P. 6(b)(2), the court may extend the time period for an action to be completed if the "failure to act was the result of excusable neglect."  While the Supreme Court has characterized excusable neglect as a "somewhat 'elastic concept,'" the Court has suggested that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 392 (1993).[5]

Here, Plaintiff missed the deadline for service because counsel "was looking at the passing of three months and not just the 90 days" and because of counsel's "trial and teaching schedule."  Franklin Decl. at 1-2.  Plaintiff allegedly filed the complaint on November 4, 2004 to preserve the claim with the intention of later amending and serving it.  Yet, a plaintiff's desire to amend the complaint before serving the defendant, along

---

[4]At oral argument, Defendants argued for the first time that Fed. Civ. R. P. 6(b)(2) does not permit federal courts to enlarge time periods established by statutes, relying on Hammons v. Int'l Playtex, Inc., 676 F. Supp. 1114, 1118 (D. Wyo. 1988), vacated, 872 F.2d 963 (10th Cir. 1989).  In response, Plaintiff's counsel directed the court to consider an earlier case where another court in this district permitted counsel to serve the remaining defendants in the action beyond the time period established by Fed. R. Civ. P. 4.  Plaintiff's reliance on the suggested case, Estate of Shaddox v. Yi, No. C01-0281L, is misplaced given the different factual scenario presented by the case at bar, including Plaintiff's failure to serve *any* Defendant in this case prior to the expiration of the statute of limitations.  The court is unpersuaded by Plaintiff's analogy to Shaddox and refrains from determining whether Fed. R. Civ. P. 6(b)(2) provides the relief Plaintiff seeks in light of Plaintiff's failure to demonstrate excusable neglect.

[5]Whether neglect is excusable is an equitable determination that depends on at least four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000).

ORDER – 5

with mere inadvertence by plaintiff's counsel, fails to constitute good cause for a delay in service. Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985). Likewise, unfamiliarity with local rules does not generally constitute excusable neglect. Comm. for Idaho's High Desert v. Yost, 92 F.3d 814, 824 (9th Cir. 1996). Washington courts strictly interpret the 90-day requirement and do not consider it to mean three calendar months. See Derendy v. Kumbera, 726 P.2d 34, 35 (Wash. Ct. App. 1986) (rejecting plaintiff's argument that "90 days" means "three calendar months" and finding "our Supreme Court has counted 90 days as 90 days."). Thus, the court finds that Plaintiff's explanation for the delay in effecting service fails to constitute excusable neglect under Fed. R. Civ. P. 6(b), and DENIES Plaintiff's motion to enlarge time.

## IV.   CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion for judgment on the pleadings (Dkt. # 11) and DENIES Plaintiff's motion to enlarge time (Dkt. # 15). Accordingly, the clerk is directed to enter judgment in favor of Defendants due to Plaintiff's failure to initiate legal action before the statute of limitations expired.

Dated this 8th day of July, 2005.

_____
JAMES L. ROBART
United States District Judge

ORDER – 6